### CANADY *v.* STATE.

#### Opinion delivered December 21, 1925.

1. CRIMINAL LAW—BILL OF EXCEPTIONS.—An instrument purporting to be a bill of exceptions which is certified by the court stenographer, but without the signature of the trial judge or the file-mark of the clerk, will not be considered on appeal.

2. CRIMINAL LAW—PRESUMPTION IN ABSENCE OF BILL OF EXCEPTIONS. —Where defendants appealed from a conviction of murder, but neglected to file a bill of exceptions, it will be presumed that the verdict was supported by sufficient evidence, and that the issues were properly presented to the jury.

Appeal from Ouachita. Circuit Court; *L. S. Britt,* Judge; affirmed.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

PER CURIAM. Appellants, John . Canady, Ishman Jones, Cephas Johnson and Clint Mason, were arrested and committed to jail in Ouachita County under a charge of murder in the first degree, said to have been committed by shooting and killing J. M. Moore. The circuit judge called a special term of the circuit court of that county, to be held on September 14, 1925, while appellants were still confined in jail, and a special grand jury was summoned and impaneled to consider the charge against appellants. Separate indictments against each of them were returned by the grand jury charging the crime of murder in the first degree. Neither of the appellants was able to employ counsel, and the court appointed attorneys for each of them, and by order of the court, entered upon express consent of appellants' attorneys, the four cases were consolidated and tried together, separate verdicts being rendered against each of the appellants finding him guilty of murder in the first degree, as charged in the indictment. Judgment of sentence was rendered against each, and, after the motion for a new trial was overruled, each of the appellants prosecuted an appeal to this court. The motion was overruled on September 23, 1925, and appellants were allowed fifty days from that date within which to present and file their bill of exceptions. The transcript was lodged here on November 14, and the appeal was granted by one of the justices of this court, but the transcript does not contain any bill of exceptions signed by the trial judge and filed with the clerk. What purports to be a bill of exceptions is in the transcript certified by the court stenographer, but has not been signed by the trial judge, nor does it bear the filing mark of the clerk. No brief has been filed on behalf of either of the appellants, and we have nothing before us except the transcript of the papers on file, including

the indictments and the motion for a new trial, and the record entries of the proceedings below.

There is no error appearing anywhere in the proceedings. The special term of the circuit court was called in accordance with the law on that subject, the grand jury was regularly impaneled, the indictments were duly returned in proper form charging each of the appellants with the offense of murder in the first degree, and the trial before the jury was conducted in due form, so far as appears from the record.

Appellants consented for the four cases to be tried together, and the verdict against each was returned by a jury of his own selection. We must indulge the presumption, in the absence of a bill of exceptions, that the verdict was supported by sufficient evidence and that the issues were properly submitted to the jury.

The judgment against each of the appellants is therefore affirmed.